**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pohle NV Center Incorporated, | No. CV-26-01098-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Textron Specialized Vehicles Incorporated, et al., | |
| Defendants. | |

This case relates to agreements between Plaintiff Pohle NV Center Incorporated, a golf-cart retailer, and Defendant Textron Specialized Vehicles Incorporated, a golf-cart manufacturer. (Doc. 1-3 ¶¶ 1, 6.) Plaintiff seeks to apply Arizona's comprehensive motor vehicle manufacturer-dealer and franchisor-franchisee regulatory scheme to its relationship with Defendant, arguing that golf carts are passenger cars within the statutes' regulatory reach. (*See generally id.*) The agreements contain a forum selection clause specifying that disputes must be heard "either in Georgia State Superior Court for the County of Richmond, or in the United States District Court for the Southern District of Georgia, Augusta Division." (Doc. 9-1.)

Defendant seeks to enforce the forum selection clause. It filed a Motion to Transfer under 28 U.S.C. § 1404(a). (Doc. 9.) Plaintiff opposes transfer (Doc. 13), and Defendant filed a reply brief (Doc. 16).

Neither party seeks oral argument, and the Court finds the issue suitable for determination on the briefs. *See* LRCiv 7.2(f). The Motion to Transfer (Doc. 9) will be

granted, and the Court will transfer this case to the United States District Court for the Southern District of Georgia, Augusta Division.

## I.

Section 1404(a) of Title 28 of the United States Code provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts ordinarily have "discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation modified). But the presence of a valid forum selection clause "requires district courts to adjust their usual § 1404(a) analysis." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 51 (2013).

A party may enforce a forum selection clause under § 1404(a) by seeking transfer to the federal judicial district designated in the agreement. *Id.* at 59. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59-60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Well-established judicial policy favors the enforcement of forum selection clauses as representations of the parties' bargaining and mutual expectations, which is why such clauses are presumptively valid. *See M/S Bremen*, 407 U.S. at 15. "[T]he plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atl. Marine*, 51 U.S. at 63-64; *see also Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1084 (9th Cir. 2018) (affirming the dismissal of a complaint because a plaintiff did not carry "their heavy burden of showing the sort of exceptional circumstances that would justify disregarding a forum-selection clause").

## II.

Plaintiff asserts three claims in its Complaint, including one claim for declaratory judgment as to the applicability of the motor vehicle regulatory statutes, A.R.S. § 28-4301,

*et seq.*, one claim for statutory damages under A.R.S. § 38-4307, and one claim for breach of contract under Arizona common law. (Doc. 1-3 ¶¶ 44-58.) All three claims arise out of dealer agreements between the parties, and each agreement contains a forum selection clause. (*Id.*) The clauses provide:

> "The parties agree that this Agreement has been negotiated and executed in the State of Georgia, and that any and all claims or disputes that in any way arise out of or relate to this Agreement, the negotiation or execution thereof, its performance, or the breach or enforcement thereof, or any claims or disputes that in any way concern the conduct of any party in connection with this Agreement, shall hereinafter be resolved, decided and litigated exclusively either in the applicable state court in an for Richmond County, Georgia, or in the United States District Court for the Southern District of Georgia, Augusta Division. Dealer hereby irrevocably waives any right it may have to commence any action or proceeding against E-Z-GO in any other court."

(Docs. 6-1, 6-2, 6-3, 6-4, 6-5, 6-6, 6-7, 6-8.) The language "any and all claims or disputes that in any way arise out of or relate to this Agreement" is broad enough to cover Plaintiff's claims. Plaintiff does not contest the forum selection clause exists or that its scope applies to the present controversy.

"When the parties have agreed to a valid forum-selection clause," as the parties have here, "a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co*, 571 U.S. at 62. Plaintiff bears the weighty burden of showing that "extraordinary circumstances unrelated to the convenience of the parties" outweigh enforcing the forum selection clause. *Id*. To succeed, Plaintiff must make "a strong showing" that "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Sun*, 901 F.3d at 1088 (quoting *M/S Bremen*, 407 U.S. at 15).

To contest the enforcement of the forum selection clause, Plaintiff invokes "'the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" (Doc. 13 at 2 (citing *Sun*, 901 F.3d 1081, 1087-88 (9th Cir. 2018)).)

Plaintiff contends that this forum has a "local interest" in hearing this case because "all key events giving rise to the dispute occurred in Arizona," the alleged statutory violations occurred in Arizona, "the evidence of TSV's misconduct is located in Arizona," "governmental witnesses are located in Arizona," and Plaintiff has "no connection to Georgia." (*Id.* at 4.) These arguments, which speak only to convenience and private interests, are insufficient to overcome an otherwise enforceable forum selection clause. *See Atl. Marine*, 571 U.S. at 63 (holding that by agreeing to be bound by a forum selection clause, a plaintiff waives their ability to assert "venue privilege").

Plaintiff would have this Court deny the transfer because "Arizona has a 'strong public policy interest' in applying its own regulatory statutes." (Doc. 13 at 5 (citing *Kode v. United Dental Corp.*, 710 F.Supp.3d 682, 687 (2024)).) *Kode*, the sole case Plaintiff relies on for this proposition, involved a determination as to whether a choice of law provision was contrary to the "fundamental policy" of a state. *See Kode*, 710 F.Supp.3d at 687. That Court applied the standard applicable to choice of law provisions, Restatement (Second) of Conflict of Laws § 187(2)(a)-(b), and Plaintiff argues that "[t]his standard is similar to the § 1404(a) standard applicable here." (Doc. 13 at 4.)

But *Atlantic Marine* supplies the standard here because there is a valid forum selection clause. 571 U.S. 49. There, the Supreme Court squarely rejected Plaintiff's position, particularly because it rested on the flawed assumption that a federal judge cannot competently apply the laws of states outside the state in which he sits. *Id.* at 67-68 ("[F]ederal judges routinely apply the law of a State other than the State in which they sit."). This Court does not presume superior competence or familiarity in interpreting Arizona law. Accordingly, Arizona's generic interest in seeing Arizona law applied by federal courts within its borders does not defeat transfer. *See Tempe Hosp. Ventures LLC v. Sheraton LLC*, No. CV-23-01577-PHX-SMB, 2023 WL 9119824, at *4 (D. Ariz. Nov. 28, 2023) (finding that allegations that Arizona has a strong interest in cases brought by Arizona companies and greater familiarity with Arizona law do not overcome the presumption in favor of enforcing forum selection clauses).

- 4 -

It makes no difference if the question of state law is one of first impression, as the Georgia district court may certify a question of Arizona law to the Supreme Court of Arizona. *See* A.R.S. § 12-1861 (authorizing the Supreme Court of Arizona to answer questions of law certified by "a United States District Court," without geographic limitation). It is also immaterial that the Georgia district court's decisions would be non-binding on Arizona courts, as this Court's interpretation of Arizona law is not binding on state courts either. *See Arizonans for Official Eng. v. Arizona*, 520 U.S. 43, 66 n.21 (1997).

The Court finds that although the transferee court may have to apply Arizona law does not constitute an extraordinary circumstance justifying denial of transfer. This is not an unusual case. The Court will transfer this case to the forum that Plaintiff contracted for.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must transfer this action to the United States District Court for the Southern District of Georgia, Augusta Division pursuant to 28 U.S.C. § 1404(a). The Clerk of Court must close this case.

**IT IS FINALLY ORDERED** that Defendant's Motion to Dismiss (Doc. 6) and Plaintiff's Motion to Certify Question of Law (Doc. 15) are left to the discretion of the transferee court for resolution.

Dated this 29th day of April, 2026.

Michael T. Liburdi
United States District Judge

- 5 -